### 9131. WILLIAMS v. CENTRAL OF GEORGIA RAILWAY CO.

1. In a suit against a railway company for damages on account of the negligent killing of stock the plaintiff must allege and, unless it be admitted by the pleadings, prove his ownership of the stock. *South Georgia Ry. Co.* v. *Ryals*, 123 *Ga.* 330 (51 S. E. 428); *Georgia Railway & Electric Co.* v. *Knight*, 122 *Ga.* 290 (50 S. E. 124); *Central Railroad Co.* v. *Bryant*, 89 *Ga.* 457 (4) (15 S. E. 537).

2. The question of identity or of ownership is one of fact, to be submitted to the jury, under the evidence and the admissions made by the pleadings; and in this case there was no such failure of proof in this respect as to warrant a nonsuit. *Greene* v. *Barnwell*, 11 *Ga.* 282 (2).

DECIDED MAY 17, 1918.

Action for damages; from city court of Greenville—Judge Revill. July 19, 1917.

*Hatchett & Hatchett,* for plaintiff.

*Battle & Hollis, McLaughlin & Jones,* for defendant.

JENKINS, J. This suit was for damages on account of the killing of a mule, alleged to have been caused by negligence on the part of the railway company in the running of a train. The fourth paragraph of the petition is as follows: "Plaintiff avers that on the

— day of October, 1916, he was the owner of a certain black mare mule, about twelve years old, of the value of one hundred and twenty-five dollars." This paragraph the defendant denied. In the fifth paragraph of the petition it is alleged that "on the day and date aforesaid, *said* mule went upon and down the track at a point between the depot of defendant in Greenville, Georgia, and a cut just south of said depot, at or near where a spur-track of defendant company leads off from the main track in an easterly direction and about two hundred yards south of said depot in said city of Greenville." This paragraph is admitted in the defendant's answer, and by way of further answer it says that on the *day and at the place* on its tracks alleged in the petition, the engine of its train did strike and kill a mule, but denies that its agents and employees were negligent, and denies that it is liable for the killing of said mule. On the trial of the case the only evidence introduced was the testimony of the plaintiff himself. He testified: "I lost a certain black mare mule about twelve years old. . . I started towards Greenville, hunting for her. . . Just as I got into Greenville, near the cotton-oil mill, I discovered some mule tracks upon a spur-track of the defendant's line of railroads. These tracks were the tracks of a small-footed mule, and bare-footed tracks. The mule that I lost had small feet and was bare-footed. . . My mule's track had no particular or peculiar mark about it to distinguish it. The mule tracks I found and testified about had no peculiarities about them, and I can not say that they were the tracks of my mule." It is thus seen that the defendant, by its pleadings, admits that the mule described in the petition and referred to in the plaintiff's testimony did go upon the tracks at the time and place alleged, and was killed by the operation of its trains; and while the defendant in its answer denies that this mule belonged to the plaintiff, still in his testimony he refers to the mule thus lost by him as "my mule"; and we think that the admissions made by the answer, together with the testimony of the plaintiff, were sufficient to have required the submission of the question as to the identity and ownership of the property to the jury.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*